UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELIZABETH SALERNO,

              Plaintiff,

-against-

NORTHERN MANOR MULTICARE FACILITY, et al.,

              Defendants.

**ORDER**

21-CV-07490 (PMH)

PHILIP M. HALPERN, United States District Judge:

On September 8, 2021, Northern Manor Multicare Center and Henry Heinemann (collectively, "Defendants") filed a Notice of Removal seeking removal of this action from the Supreme Court of the State of New York, County of Rockland, to this Court. (Doc. 1, "Not. of Removal"). For the reasons below, this matter is REMANDED to the Supreme Court of the State of New York, County of Rockland.

**BACKGROUND**

On or about August 17, 2021, Elizabeth Salerno ("Plaintiff") filed a Complaint commencing this action against Defendants in the Supreme Court of the State of New York, County of Rockland. (*See* Not. of Removal ¶ 1; Doc. 1-1 at 5-9, "Compl."). Plaintiff alleged that Defendants discriminated against her, in violation of the New York State Human Rights Law, when they terminated her instead of allowing her to work remotely. (*See* Compl. ¶¶ 9-21)

Defendants represent that they were "served with a copy of the Summons . . . and Complaint . . . at Defendants['] place of business" on or about August 19, 2021. (Not. of Removal ¶ 2). Defendants removed this action from state court "under the provisions of 28 U.S.C. §§ 1332, 1441, and 1446 . . . ." (*Id*. ¶ Recital). Defendants argue that this Court may exercise subject-matter

jurisdiction over this dispute because "there is complete diversity of citizenship . . . and the amount in controversy exceeds Seventy-Five Thousand Dollars . . . ." (*Id.* ¶ 6).

## ANALYSIS

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). "The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). "The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). While Defendants need not "prove the amount in controversy to an absolute certainty," they have "the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id.* (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendants' notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* (quoting *Lupo*, 28 F.3d at 273-74).[1]

Plaintiff does not state with numerical specificity the damages she seeks through her action. Rather, complaining that she terminated—on a date unspecified—she demands:

---

[1] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

> entry of judgment against Defendant[s] in favor of Plaintiff awarding all available damages, including general, compensatory and punitive damages, in addition to attorneys' fees and costs and all other relief that this Court deems reasonable and just.

(Compl. ¶¶ Prayers for Relief). Defendants, citing merely to cases *reviewing* jury verdicts for emotional damages, insist that the amount in controversy here *must* exceed $75,000. (Not. of Removal. ¶¶ 6, 10-11). Moreover, even if the Court were inclined to disregard the procedural posture of those cases, they do not support Defendants' stated premise that this case *must* involve damages exceeding $75,000. *See Meacham v. Knolls Atomic Power Lab'y*, 381 F.3d 56, 78 (2d Cir. 2004) ("New York cases vary widely in the amount of damages awarded for mental anguish. Many do reduce awards to $30,000 or below. However, other cases uphold awards of more than $100,000 without discussion of protracted suffering, truly egregious conduct, or medical treatment." (internal citations omitted)), *cert. granted, judgment vacated sub nom. KAPL, Inc. v. Meacham*, 544 U.S. 957 (2005); *Watson v. E.S. Sutton, Inc.*, No. 02-CV-02739, 2005 WL 2170659, at *16 (S.D.N.Y. Sept. 6, 2005) ("The range of acceptable damages for emotional distress in adverse employment action cases lacking extraordinary circumstances seems to be from around $30,000 to $125,000. As Watson's jury award for emotional distress deviates materially from that range, it cannot stand."), *aff'd*, 225 F. App'x 3 (2d Cir. 2006).

As federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability," *Lupo*, 28 F.3d at 274 (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)), Defendants' conclusory argument that the amount in controversy must exceed $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdictional threshold of 28 U.S.C. § 1332(a) has been met. *See Brown v. NutriBullet, LLC*, No. 19-CV-05421, 2019 WL 5287960, at *2 (E.D.N.Y. Oct. 18, 2019) (alleging that the amount in controversy exceeds $75,000 upon information and belief, without more, is

insufficient); *Villafana*, 2013 WL 2367792, at *2; *Sailer v. Responsive Trucking, Inc.*, No. 12-CV-04822, 2012 WL 4888300, at *2 (S.D.N.Y. Oct. 15, 2012); *see also Daversa v. Cowan Equip. Leasing, LLC*, No. 20-CV-00163, 2020 WL 967436, at *3 (E.D.N.Y. Feb. 28, 2020); *Hughes v. Target Corp.*, No. 17-CV-03548, 2017 WL 2623861, at *2 (E.D.N.Y. June 15, 2017) ("Such a barebones, general pleading does not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction.").

## **CONCLUSION**

Based upon the foregoing, the Court concludes that Defendants failed to satisfy their burden of establishing that the amount in controversy exceeds $75,000. Removal is therefore improper. Accordingly, this action is REMANDED to the Supreme Court of the State of New York, County of Rockland. The Clerk of the Court is respectfully directed to send a copy of this Order to the Supreme Court of the State of New York, County of Rockland, and to close this action. All pending matters are hereby terminated.

**SO ORDERED:**

Dated:   White Plains, New York
         September 13, 2021

_____
PHILIP M. HALPERN
United States District Judge